### Virginie Knaps *v.* Auguste Graugnard.

Plaintiff, who had been divorced, for adultery, from her former husband, and married her paramour in another State, where such marriages are not, as here, forbidden by law, sued her first husband for the property she had brought into marriage, without being authorized or assisted by her present husband. On an exception to her want of authorization, after her second marriage had been proved, she offered in evidence the record of the suit of her first husband against her, and her conviction of adultery, to prove that she could not legally contract a second marriage. *Held,* that the proof of the second marriage, given in support of the exception, is sufficient to show that she is under marital authority, and that she cannot be listened to in alleging her incapacity to contract such a marriage here, resulting from her own violation of law.

Appeal from the District Court of Pointe Coupée, *Nicholls,* J.

*Beatty,* for the plaintiff.

*S. L. Johnson*, for the appellant. The second marriage, though any ground should exist to annul it, must be held valid until the nullity is established by a judgment of a competent court, in a direct action. The validity of a marriage is to be determined by the law of the place where it was celebrated. If valid there, it is valid every where. Stephen's Nisi Prius, 18, *note a.* Even when the parties go into a foreign state to evade the laws of their own, the marriage will be valid in the place where the parties live. *Medway* v. *Needham,* 16 Mass., 159. Under any view of the law, the second marriage, subjected the wife to the disability of being unable to sue without the authorization of the husband.

BULLARD, J. The plaintiff having been divorced from her first husband, the present defendant, on the ground of adultery committed with one Henry Knaps, afterwards intermarried with her paramour in the State of Mississippi, where such a marriage is not forbidden by law, although it is so in this State. She afterwards instituted the present action against her former husband, to recover the property she had brought into marriage, without being assisted or authorized by her present husband in the proceeding. This was excepted to by the defendant, but judgment having been rendered against him, on the merits, he prosecutes this appeal.

On the trial of the exception, after her marriage in Mississippi had been proved, it appears the plaintiff offered in evidence the record of the suit of her former husband against her for a divorce, and her conviction of adultery with Knaps, with a view of showing that she could not validly contract marriage with him, and, consequently, that his authorization to sue is not required. Its introduction by her, for that purpose, was objected to, on the ground that she ought not to be allowed to allege her own turpitude, but it was admitted by the court, and a bill of exceptions taken.

We are of opinion, that the court erred in admitting the proof offered by her, to show her incapacity to contract her second marriage on the ground of adultery. *Allegans turpitudinem suam non est audienda.* The proof of her marriage in Mississippi, given by the defendant in support of his exception, must

be considered sufficient to show that she is under marital authority, and she cannot be permitted to gainsay it, by alleging an incapacity to contract such marriage in Louisiana, resulting from her own violation of its laws. So far as it concerns any advantage to herself, she cannot be listened to by the courts of this State, in relation to a contract reprobated by our laws, whatever may be our opinion of the matter as to other persons, whose rights here might depend upon the validity of a marriage contracted in another State, where it is not forbidden, though evidently in evasion of our own prohibitory laws.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, that the exception be sustained, and the suit dismissed, with costs in both courts.